UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALI CISSE,

                            Plaintiff,

     v.

CAPTAIN R. MITCHELL, et al.,

                            Defendants.
_____

DECISION & ORDER

22-CV-6071FPG

On February 10, 2022, *pro se* plaintiff Ali Cisse commenced this action pursuant to 42 U.S.C. § 1983 against several defendants employed by the New York State Department of Corrections and Community Supervision ("DOCCS"). (Docket # 1). The claims relate to an incident that occurred on March 17, 2019, while Cisse was incarcerated at the Attica Correctional Facility, the subsequent discipline of Cisse, and the conditions of his subsequent confinement in the Special Housing Unit. (Docket ## 14, 15). Currently pending before this Court are Cisse's motions to compel (Docket # 36) and for appointment of counsel. (Docket # 40). Defendants have opposed Cisse's motion to compel and have cross-moved for an order compelling Cisse to appear for a further deposition due to his refusal to answer a question posed during his original deposition conducted on August 24, 2023. (Docket # 38).

## DISCUSSION

**I.      Motion for Appointment of Counsel**

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); see also *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at

174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Cisse has not done so at this stage. Moreover, although Cisse maintains that he requires the assistance of counsel to help him litigate this case, the legal issues in this case do not appear to be complex. Cisse has filed a complaint and an amended complaint (Docket ## 1, 14), written numerous letters to the Court seeking assistance and updating his address (Docket ## 6, 7, 19, 22), and filed several motions seeking a variety of relief, including appointment of counsel, injunctive relief, extensions of deadlines, orders to compel discovery, and sanctions (Docket ## 8, 11, 21, 22, 32, 34, 36, 40), thus demonstrating his ability to litigate on his own behalf and to seek court intervention when he believes it is warranted. Finally, Cisse's case does not present any other special reasons justifying the assignment of counsel.

On this record, Cisse's request for the appointment of counsel **(Docket # 40)** is **DENIED without prejudice** at this time. It is Cisse's responsibility to hire an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

II. <u>**Cisse's Motion to Compel and for Sanctions**</u>

   In his motion to compel, Cisse seeks production of the following: (1) documents from the Office of Special Investigations ("OSI") file associated with the investigation of the March 17, 2019 incident; (2) copies of Directive #4903 and UOF #19-050; (3) audio and video recordings of the March 17, 2019 incident; (4) audio and video recordings of his escort to SHU following the incident; (5) cell frisk and contraband receipts from searches of his cell while incarcerated at Attica; and, (6) contact information for the witnesses who testified at his disciplinary hearing. (Docket # 36). Cisse also seeks sanctions against defendants for their failure to provide the requested information with their initial disclosures. (*Id.*). Finally, Cisse maintains that his deposition was conducted improperly because a corrections officer remained in the room while he was deposed, which prevented him from providing complete answers, particularly with respect to the incident that occurred on March 17, 2019. (*Id.*). According to Cisse, his objections to the presence of the officer were "overruled" by defendants' counsel Assistant Attorney General Michele Romance Crain. (*Id.*).

   Defendants oppose Cisse's motion to compel, maintaining that it is premature because he failed to meet and confer prior to filing the motion. (Docket # 38 at ¶ 14). Moreover, according to defendants, the pending motion represents the first request by Cisse for production of several of the items he seeks to compel defendants to produce. (*Id.* at ¶ 13).

   With respect to the OSI file and audio and video recordings of the incident, Crain maintains that defendants have complied with their discovery obligations by affording Cisse an opportunity to review the file and take notes. (*Id.* at ¶¶ 10-12). Cisse concedes that he was able to review the file, but conclusorily asserts that he needs to have the file in his possession in order to litigate his claims. (Docket # 36). In the absence of any explanation establishing why Cisse's

4

review of the OSI file was insufficient, I deny Cisse's motion to compel production of the OSI file. *See Henry v. Liberty*, 2017 WL 633409, *5 (N.D.N.Y. 2017) ("mindful of the legitimate concerns of DOCCS and the facility, . . . the [c]ourt agrees that providing [p]laintiff with an opportunity to review the [r]eport, but not possess it, is the appropriate course which adequately protects all the parties' interests"). If Cisse believes that he needs a further review of the file in order to prosecute his claims, he should confer with defense counsel to arrange for such review.

With respect to the remaining items requested by Cisse, I agree with defendants that Cisse has failed to comply with the procedural rules applicable to motions to compel. Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, before filing a motion to compel, a party must have "in good faith conferred or attempted to confer with the person or party failing to make the disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Court's Local Rules provide:

> No motion for discovery and/or production of documents under [Rule 37 of the Federal Rules of Civil Procedure] shall be heard *unless* accompanied by an affidavit showing that sincere attempts to resolve the discovery dispute have been made. Such affidavit shall detail the times and places of the parties' meetings or discussions concerning the discovery dispute and the names of all parties participating therein, and all related correspondence must be attached.

W.D.N.Y. Local R. Civ. P. 7(d)(3) (emphasis supplied). "The purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention to the greatest extent possible. Only those matters that remain unresolved after serious attempts to reach agreement should be the subject of a motion to compel." *Excess Ins. Co., Ltd. v. Rochdale Ins. Co.*, 2007 WL 2900217, *1 (S.D.N.Y. 2007). Accordingly, Cisse's motion to compel is denied at this time due to his failure to confer with defendants prior to filing the motion.

Because this Court does not reach the merits of Cisse's contention that discovery has been wrongfully withheld – as a result of Cisse's failure to have conferred prior to filing this motion – his application for sanctions is also denied. Before filing any additional motion to compel, Cisse must comply with the conferral requirements of the Federal and Local Rules of Civil Procedure, and any additional discovery motion must include the required certification outlining his conferral attempts and attaching any relevant correspondence.

Finally, I address Cisse's complaint about the manner in which his deposition was conducted. As noted above, Cisse complains that he was unable to fully answer the questions posed to him, particularly those concerning the March 17, 2019 incident, because a corrections officer remained in the room during his deposition despite his objection. (Docket # 36). Defendants represent that their attorney conducted the deposition virtually, that is, counsel was present at an outside location and Cisse was inside the correctional facility. (Docket # 38 at ¶ 5 and Exhibit ("Ex.") A at 13). According to defendants, Cisse never complained or expressed concerns about the presence of the corrections officer, and, in any event, counsel has no ability to control staff of the facility in which Cisse is currently housed. (*Id.*).

As an initial matter, Cisse's motion does not make clear the precise relief, if any, that Cisse seeks. In any event, Cisse's current objection is overruled. Review of the deposition transcript confirms that Cisse never articulated on the record any objection to the security officer's presence, and it appears that he was able to testify freely concerning the March 17, 2019 encounter. (Docket # 38 at Ex. A at 20-47). For the reasons discussed above, Cisse's motion to compel and for sanctions **(Docket # 36)** is **DENIED**.

### III.     Defendants' Motion to Compel

Defendants have cross-moved to compel a further deposition of Cisse on the grounds that he failed to answer questions posed to him during the deposition. (Docket # 38 at ¶¶ 15-16). Despite the issuance of a motion scheduling order setting a deadline of October 5, 2023, for Cisse to respond to the cross-motion, Cisse filed no opposition. (Docket # 39).

Failure to oppose a pending motion may fairly be construed as absence of opposition to the requested relief or as waiver of the right to be heard in connection with the motion. *See*, *e.g.*, *TCPIP Holding Co. v. Haar Commc'ns Inc.*, 2004 WL 1620950, *4 (S.D.N.Y. 2004) (defendant's failure to respond to motion was sufficient basis to grant motion by default); *Loew v. Kolb*, 2003 WL 22077454, *1 (S.D.N.Y. 2003) (same). In this case, the motion scheduling order afforded Cisse sufficient time to respond to the pending motion. Cisse failed to oppose the motion and has not requested an extension of the deadline to respond. Accordingly, defendants' motion to compel is granted on the grounds that it is unopposed.

In any event, review of the transcript demonstrates that Crain repeatedly asked Cisse whether or not the video and audio of the incident recorded Cisse responding "no" to the officer's verbal commands immediately before the officer employed force. (Docket # 38 at Ex. A at 60-63, 86). Cisse repeatedly refused to answer that question, initially providing non-responsive commentary concerning the events precipitating the use of force and eventually instructing Crain to move to the next question. (*Id.*). On this record, defendants' motion **(Docket # 38)** is **GRANTED**. Defendants may continue Cisse's deposition in order to obtain an answer to that question. Such deposition must be conducted by June 21, 2024.

**CONCLUSION**

For the reasons discussed above, Cisse's motions for appointment counsel and to compel **(Docket ## 36, 40)** are **DENIED without prejudice**. Defendants' motion to compel a further deposition of Cisse (**Docket # 38**) is **GRANTED**. Such deposition must be conducted by June 21, 2024.

**IT IS SO ORDERED.**

                                                                       *s/Marian W. Payson*
                                                                     MARIAN W. PAYSON
                                                            United States Magistrate Judge

Dated:  Rochester, New York
          May 31, 2024