UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALI CISSE,

                           Plaintiff,

v.

              Case # 22-CV-6071-FPG

              DECISION AND ORDER

ANTHONY J. ANNUCCI, *et al.*,

                           Defendants.

## INTRODUCTION

On October 15, 2025, the Court issued an Order to Show Cause, which directed Plaintiff to show cause in writing why this case should not be dismissed for failure to prosecute by November 10, 2025. ECF No. 61. To date, Plaintiff has not responded to that Order. For the reasons below, Plaintiff's action is dismissed for failure to prosecute.

## BACKGROUND

This action was commenced in February 2022, when *pro se* Plaintiff Ali Cisse filed a complaint seeking relief under 42 U.S.C. § 1983. ECF No. 1. On September 20, 2024, Defendants moved for summary judgment, purportedly on all of Plaintiff's claims. ECF No. 55. However, in that motion, Defendants only addressed four of Plaintiff's seven claims. *Id.* Plaintiff did not oppose the motion.

On September 3, 2025, this Court issued a Decision and Order granting Defendants' motion for summary judgment as to the four claims addressed by Defendants in the motion. ECF No. 58. In that decision, the Court directed Plaintiff to inform the Court by October 1, 2025, whether he wished to proceed with prosecuting this action in light of the dismissal of four of his claims. ECF No. 58 at 18. He was also advised that if he did not "submit a written response to the Court by

October 1, 2025, the Court may treat his noncompliance as a failure to prosecute and may dismiss this action with prejudice pursuant to Rule 41(b)." *Id.* Plaintiff did not respond to the Court's Order.

Consequently, on October 15, 2025, the Court ordered Plaintiff to show cause, in writing, why this case should not be dismissed for failure to comply with the Court's directives. ECF No. 61. The Court again warned Plaintiff that if he failed to file a written response to the Court's Order by November 10, 2025, the "the Court may treat his noncompliance as a failure to prosecute and may dismiss this action with prejudice pursuant to Rule 41(b)." *Id.* at 2. To date, the Court has received no response from Plaintiff. Plaintiff's last contact with the Court was a letter dated August 4, 2024, notifying the Court of his new address. ECF No. 49.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action when a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. *Lucas v. Miles*, 84 F.3d 532, 534–35 (2d Cir. 1996). The district court's discretion to dismiss a case under Rule 41(b) for failure to prosecute is not limitless, and the record must be reviewed as a whole. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209–10 (2d Cir. 2001).

Although not specifically defined in Rule 41(b), the Second Circuit Court of Appeals has stated that a failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Also, in tandem, this Court's Local Rule of Civil Procedure 41(b), states that a judge may issue an order dismissing a civil case if it is pending for more than

six months and noncompliant with the judge's directions, or if no action has been taken by the parties for more than six months. Loc. R. Civ. P. 41(b).

> When considering a Rule 41(b) dismissal, the Court analyzes the following five factors:
>
> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d at 535. No single factor is dispositive, and the Court must consider the record as a whole. *Vail v. City of New York*, No. 18-CV-9169, 2021 WL 2018838, at *1 (S.D.N.Y. May 20, 2021).

Where a plaintiff is proceeding *pro se*, his or her claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." *LeSane*, 239 F.3d at 209. However, *pro se* litigants have an obligation to comply with a court's orders, and when they fail to do so, "they, like all litigants, must suffer the consequences of their actions." *Hibbert v. Apfel*, No. 99 Civ. 4246, 2000 WL 977683, at *3 (S.D.N.Y. Jul. 17, 2000).

### I.   Failure to Prosecute

After considering the above factors, the Court concludes that dismissal is appropriate under Rule 41(b) because each of the relevant factors favors dismissal.

#### a. Delay

As discussed, Plaintiff has not taken any action in this case for more than a year. *See* ECF No. 49. Courts may dismiss an action for failure to prosecute when the delays are either repeated or of a long duration. *Graham v. Sullivan*, No. 86 Civ. 0163, 1999 WL 1006181, at *2 (S.D.N.Y. Nov. 5, 1999); *see also United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 255 (2d Cir. 2004). In accordance with other courts in this Circuit, Plaintiff's duration of inactivity falls within

a sufficient time frame to warrant dismissal. *Jones v. City of Rochester*, No. 20-CV-545, 2022 WL 1668508, at *3 (W.D.N.Y. May 25, 2022) (finding inactivity of sixteen months weighed in favor of dismissal).

### b. Notice

The Court has warned Plaintiff that his claims could be dismissed if Plaintiff failed to comply with Court orders. *See* ECF Nos. 58, 61. On October 15, 2025, the Court gave Plaintiff a specific, final warning that his claims may be dismissed for failure to prosecute if he did not respond to the Order to Show Cause. ECF No. 61. Therefore, Plaintiff had sufficient notice. *See Lucas*, 84 F.3d at 535.

### c. Prejudice

In this case, Defendants would be prejudiced by being forced to attempt to disprove the claims of a Plaintiff who has been nonresponsive and is unlikely to participate in further litigation. *See Simmonds v. City of New York*, No. 21-CV-06495, 2023 WL 6879615, at *2 (E.D.N.Y. Oct. 18, 2023).

### d. Docket Balance

"It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert*, 2000 WL 977683, at *3. As such, the Court has an interest in removing this case from its docket, instead of keeping it open for the benefit of a Plaintiff who has shown no interest in participating in the case for more than a year. *See Simmonds*, 2023 WL 6879615, at *2.

### e. Sanctions

Monetary sanctions are usually not appropriate for a *pro se* and/or *in forma pauperis* plaintiff. *Henderson v. Levy*, No. 15-CV-802, 2019 WL 1410867, at *4 (W.D.N.Y. Mar. 1, 2019).

4

Given that Plaintiff is *pro se* and proceeding *in forma pauperis* in this case, the Court finds that monetary sanctions would not be appropriate. In addition, based on the analysis above, the Court declines to provide a sanction less drastic than dismissal at this time.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Defendants' Motion for Extension of Time to File a Motion for Summary Judgement, ECF No. 60, is DENIED AS MOOT. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

DATED:     Rochester, New York
              November 20, 2025

                                             _____
                                             HON. FRANK P. GERACI, JR.
                                             United States District Judge
                                             Western District of New York